UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:20CR103 HEA DDN |
| KEITH ARTHUR KOS, JR., | ) ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1.  **PARTIES**:

The parties are the defendant Keith Arthur Kos, Jr., represented by defense counsel Tara Rebecca Crane, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri, except as set forth below with respect to pending state charges brought by the St. Charles County prosecutor. The Court is neither a party to nor bound by this agreement. However, if the Court accepts the plea agreement as to the sentence, then the Court will be bound by said agreement pursuant to Rule 11(c)(1)(C).

2.  **GUILTY PLEA**:

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in exchange for the defendant's voluntary plea of guilty to Counts I, II and III of the superseding information, the

1


government agrees to move for the dismissal as to the defendant of the indictment at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to defendant's distribution of fentanyl and methamphetamine on January 6, 2020, which resulted in the overdose death of Z.H. or the possession with intent to distribute or distribution of fentanyl or the possession of firearms on January 10, 2020, of which the Government is aware at this time.

In addition, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the parties agree that the defendant's aggregate sentence on Counts I, II and III should be 20 years consisting of a term of 15 years on Counts I and II to run concurrently to one another and a term of five years on Count III to run consecutively to the sentence on Counts I and II for an aggregate term of imprisonment of 20 years. Additionally, the parties recognize that defendant is facing multiple criminal cases in the Circuit Court of St. Charles County and have conferred with the state prosecutor there who has in turn contacted the family of victim Z.H. In the event the defendant pleads guilty and the Court follows the sentencing recommendation of 20 years, the state prosecutor has ensured the state will dismiss its pending felony case against defendant, which arises out of the distribution of drugs resulting in the death of Z.H. In addition, the partis anticipate the state court will discharge the defendant in his probation cases pending in the Circuit Court of St. Charles County after the defendant enters a guilty plea in federal court. Accordingly, the parties anticipate that the time defendant spent in custody from January 10, 2020, to the time of sentencing, will be credited toward his federal sentence.

If the Court informs the parties prior to sentencing that it will reject this agreement or sentences defendant to a sentence not in conformity with this agreement, then either party may

withdraw from the plea agreement and the defendant will have an opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5). The parties further agree that neither party shall request a sentence above or below the sentencing agreement in this paragraph pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

3.  **ELEMENTS:**

As to Count I, the defendant admits to distributing fentanyl and methamphetamine to Z.H. and therefore knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) on or about January 6, 2020, defendant distributed a controlled substance (methamphetamine and fentanyl) to another person (Z.H.); (2) at the time of the distribution, defendant knew he was distributing a controlled substance.

As to Count II, the defendant admits to possession with intent to distribute fentanyl and therefore knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) on or about January 10, 2020, defendant was in possession of fentanyl, a Schedule II controlled substances; (2) defendant knew he was in possession of a controlled substance; (3) defendant intended to transfer some or all of the controlled substance to another person; and (4) the offense involved 40 grams or more of fentanyl.

As to Count III, the defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) on or about January 10, 2020, defendant

3

committed the crime of possession with intent to distribute fentanyl; (2) defendant knowingly possessed a firearm in furtherance of that crime.

4. **FACTS**:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The case began with the overdose death of Zachary Hooper on January 6th, 2020. During the afternoon hours of January 6, 2020, the St. Charles County Police Department received a call after the victim, identified as Z.H., was discovered deceased by his mother at their shared address on Napa Ct. in St. Charles, Missouri. A subsequent examination and toxicology analysis revealed that Z.H.'s cause of death was a result of fentanyl and methamphetamine intoxication. Defendant admits he provided Z.H. with the fentanyl and methamphetamine Z.H. used and which caused Z.H.'s death.

Z.H.'s brother reported last observing Z.H. alive in the early morning hours of January 6. The victim's brother described taking Z.H. to the residence of whom he suspected was a drug dealer in the early morning hours prior to the death. Z.H. asked his brother for a ride, indicating he owed someone money. Defendant met with the victim briefly on an apartment parking lot where he sold the victim fentanyl and methamphetamine.

Law enforcement retrieved video surveillance that confirms the travel to the apartment parking lot and video surveillance from a local ATM the victim used prior to this meeting. Additionally, officers seized the receipt for the ATM transaction discovered in Z.H.'s room.

4

Officers obtained Z.H.'s cell phone passcode and the internet search history indicated the last activity was time stamped between 3:40am and 4:40am., just after Z.H. returned to his residence from the transaction.

A series of text strings discovered in Z.H.'s phone revealed Z.H. was looking for a "ball" and that defendant's sister directing Z.H. to contact defendant at 636-445-6917. A related text string between Z.H. and defendant revealed they negotiated the specifics of a drug transaction for fentanyl and methamphetamine to take place at defendant's apartment complex. The last text noted on Z.H.'s phone to 636-445-6917 was time stamped at 4:56 a.m. on January 6, 2020 and stated "feny+ice>being in love."

Based on information developed after Z.H.'s death, the investigative team applied for and obtained authorization for a state search warrant for defendant's residence. On January 10, 2020, the execution of that warrant resulted in the seizure of a pistol, more than 400 capsules of fentanyl and various other drug paraphernalia. Lab analysis revealed that the capsules contained 40 grams or more of fentanyl.

Defendant was arrested eventually admitted to selling 100-200 capsules of fentanyl per week and possessing a handgun. Defendant acknowledges that his possession of the handgun was in furtherance of his drug trafficking activities, specifically his possession with intent to distribute fentanyl on January 10, 2020.

5. **STATUTORY PENALTIES**:

The defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty are as follows:

Count I: imprisonment of not more than 20 years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three years nor more than life.

Count II: imprisonment of not more than 40 years, a fine of not more than $2,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than four years nor more than life.  The defendant also fully understands that the crime to which a guilty plea is being entered in Count II requires a mandatory minimum term of imprisonment of at least five years.

Count III: imprisonment of not less than five years consecutive to the sentences imposed in Counts I and II and not more than life, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of no more than three years.

6. **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  To assist the Court in determining the impact of the plea agreement, the parties submit the following U.S. Sentencing Guidelines analysis:

    a.    **Chapter 2 Offense Conduct**:

(1) **Base Offense Level**: The parties agree that Counts I and II properly group to calculate the base offense level. Additionally, as found in Section 2D1.1(a)(2), the base offense level is 38 because the offense in Count I establishes that the death of Z.H. resulted from the use

6

of the substance. Pursuant to Section 2K2.4(b), the guideline sentence for Count III is the five-year mandatory minimum term of imprisonment to be imposed consecutively.

(2) **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:   None

b.  **Chapter 3 Adjustments**:

(1) **Acceptance of Responsibility**: The parties recommend that three levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility.

(2) **Other Adjustments**: The parties agree that the following additional adjustments apply:   None

c.  **Other Adjustment(s)/Disputed Adjustments**: None

d.  **Estimated Total Offense Level**: The parties estimate that the Total Offense Level for Counts I and II is 35 and that a five-year consecutive term would be imposed on Count III; however, the parties believe that regardless of the total offense level in this case that 20 years' imprisonment is the appropriate aggregate sentence in this case.

e.  **Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is available in the Pretrial Services Report.

f.  **Effect of Parties' U.S. Sentencing Guidelines Analysis**:

7

The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. But, if the Court accepts the plea agreement in this case, it is bound by the sentencing agreement in paragraph 2 above.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**:

   a. **Appeal**: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   (1) **Non-Sentencing Issues**: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

   (2) **Sentencing Issues**: In the event the Court accepts the plea and, in sentencing the defendant follows the sentencing agreement in paragraph 2, then, as part of this agreement, the parties hereby waive all rights to appeal all sentencing issues.

   b. **Habeas Corpus**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   c. **Right to Records**: The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

8

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office:**

   The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

   d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by

the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  f. **Fines, Restitution and Costs of Incarceration and Supervision**: The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

  g. **Forfeiture**: The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

suppress evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed

mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges that the defendant has voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT**:

After pleading guilty and before sentencing, if defendant commits any crimes, violates any conditions of release, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States will be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring or as set forth in Paragraph 2 above.

8/31/2021
Date

TIFFANY G. BECKER #46314 MO
Assistant United States Attorney

8-31-2021
Date

KEITH ARTHUR KOS, JR.
Defendant

8-31-2021
Date

TARA REBECCA CRANE
Attorney for Defendant

13